UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THE UNITED STATES OF AMERICA,

                                                NOTICE OF MOTION

          -against-                          Criminal No.  11CR413  (SLT)

LAWRENCE BARISCIANO, DEBORAH
BERARDI, JAMES BERGEN, MICHAEL BERGEN,
JUSTIN DOYLE, JOSEPH FUMANDO, ROBERT
GEOGHEGAN, RALPH MASTRANTONIO,
JOSEPH GEORGE MONTELEONE, RICHARD
PALASE, GERALD PARSONS, JAY PARISI and
**VINCENT SPINELLI,**

                               Defendants.
---------------------------------------------------------------X

        PLEASE TAKE NOTICE, that upon the record of this case, the annexed declaration and

all prior submissions and proceedings, defendant **VINCENT SPINELLI**, by and through his

attorney, John J. Orlando, P.C., will move this Court, before the Honorable Sandra L. Townes,

United States District Judge, United States Courthouse for the Eastern District of New York, at a

date and time as set by the Court, for an order:

      I.     FOR A SEPARATE TRIAL PURSUANT TO FEDERAL RULE OF
              CRIMINAL PROCEDURE 8(b) BECAUSE OF THE MISJOINDER
              OF DEFENDANT AND HIS CO-DEFENDANTS

or, in the alternative, for an order

      II.    FOR A SEPARATE TRIAL PURSUANT TO FEDERAL RULE OF
              CRIMINAL PROCEDURE 14 BECAUSE OF PREJUDICIAL JOINDER

and for such other and further relief as to this Court may seem just and proper.

Dated: May 29, 2012
       Brooklyn, New York

1

Respectfully submitted,


_/s/_____
JOHN J. ORLANDO, PC.
Attorney at Law
Attorney for Defendant
8118 13th Avenue
Brooklyn, New York 11228
(718) 238-0020


TO:        Clerk of the Court
           United States District Court
           Eastern District of New York
           225 Cadman Plaza East
           Brooklyn, New York 11201


cc via ECF:   Marisa Megur Seifan
              Assistant United States Attorneys
              Eastern District of New York
              271 Cadman Plaza East
              Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE UNITED STATES OF AMERICA,

                                                       DECLARATION

                -against-                              Criminal   No.   11CR413   (SLT)

LAWRENCE BARISCIANO, DEBORAH
BERARDI, JAMES BERGEN, MICHAEL BERGEN,
JUSTIN DOYLE, JOSEPH FUMANDO, ROBERT
GEOGHEGAN, RALPH MASTRANTONIO,
JOSEPH GEORGE MONTELEONE, RICHARD
PALASE, GERALD PARSONS, JAY PARISI and
**VINCENT SPINELLI,**

                                Defendants.
-----------------------------------------------------------------X

        I, JOHN J. ORLANDO, P.C., declare under penalty of perjury, pursuant to 28

United States Code, Section 1746, that the following is true and correct:

        1.      I am an attorney admitted to practice before this Court and the attorney of

record for defendant **VINCENT SPINELLI.**

        2.      I submit this declaration in support of defendant's Motion for a Separate

Trial.

        3.      This declaration and motion are based upon the discovery materials, the

attached Memorandum of Law, all prior submissions and proceedings and the record of this case.

        4.      The factual and legal arguments in support of defendant's motion are set

forth in the attached Memorandum of Law.

        WHEREFORE, defendant respectfully requests that the Court sever this

defendant's trial from the co-defendants and order separate trials, and for any other

relief the Court deems just and proper.

Dated: May 29, 2012
          Brooklyn, New York

                          Respectfully submitted,


                          _/s/_____
                          JOHN J. ORLANDO, PC.
                          Attorney at Law
                          Attorney for Defendant
                          8118 13th Avenue
                          Brooklyn, New York 11228
                          (718) 238-0020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE UNITED STATES OF AMERICA,

        -against-                           Criminal   No.   11CR413   (SLT)

LAWRENCE BARISCIANO, DEBORAH
BERARDI, JAMES BERGEN, MICHAEL BERGEN,
JUSTIN DOYLE, JOSEPH FUMANDO, ROBERT
GEOGHEGAN, RALPH MASTRANTONIO,
JOSEPH GEORGE MONTELEONE, RICHARD
PALASE, GERALD PARSONS, JAY PARISI and
**VINCENT SPINELLI,**

                                 Defendants.
----------------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A SEPARATE TRIAL

      Defendant, VINCENT SPINELLI, respectfully submits this Memorandum of Law

in support of her Motion for a Separate Trial pursuant to Federal Rule of Criminal Procedure

8(b) and Federal Rule of Criminal Procedure 14.  Federal Rule of Criminal Procedure 8(b)

only permits joinder of defendants that participate in the same "act or transaction, or in the

same series of acts or transactions."  It is clear that the conduct allegedly committed by this

defendant along with co-defendants James Bergen, Michael Bergen, Ralph Mastrantonio and

Richard Palase (hereinafter "Co-Defendant Group #1") as set forth in the indictment – the

crimes charged in counts three and four – is not part of the same acts or transactions allegedly

committed by the other co-defendants on the indictment, namely, Lawrence Barisciano,

Deborah Berardi, Justin Doyle, Joseph Fumando, Robert Geoghegan, Joseph George

Monteleone, Gerald Parsons, and Jay Parisi (hereinafter Co-Defendant Group #2).

Therefore, this defendant is improperly joined in the indictment with the co-defendants.

Furthermore, this improper joinder also results in unfair prejudice to this defendant as the charges/evidence against Co-Defendant Group #2 are so highly inflammatory in nature. Therefore, this defendant respectfully requests that the Court alleviate this prejudice by granting him a separate trial pursuant to Federal Rule of Criminal Procedure 14.

## FACTS

The indictment in this matter charges this defendant and Co-Defendant Group #1 with two counts of crimes -- in counts three and four of the indictment -- alleging that they conspired to operate an illegal gambling business and that they engaged in illegal gambling at 2298 Arthur Kill Road, Staten Island, New York.  Group #2 is charged in the remaining four counts -- counts one, two, five and six -- with conducting alleged illegal gambling businesses at 2228 Victory Boulevard, Staten Island, New York, and at 4029 Hylan Boulevard, Staten Island, New York.  Defendant Spinelli is not accused of any crimes in the four counts that allegedly occurred at the Hylan and Victory locations.

At the Arthur Kill location, it is alleged that co-Defendant RICHARD PALASE sold gambling chips to a John Doe #1; that co-Defendants MICHAEL BERGEN and RALPH MASTRANTONIO dealt cards; that co-Defendants RICHARD PALASE and JAMES BERGEN discussed the operations of the location over the telephone; and that Defendant sold gambling chips to a John Doe #1.

**MOTION FOR A SEPARATE TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 8(b) BECAUSE OF THE MISJOINDER OF DEFENDANT WITH CO-DEFENDANT**

**Applicable Law**

Federal Rule of Criminal Procedure 8(b) states that defendants may be joined in one indictment only if they "have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses." This has been construed by the Second Circuit to mean "that the acts must be unified by some substantial identity of facts or participants or arise out of a common scheme or plan." United States v. Attanasio, 870 F.2d 809, 815 (2d Cir 1989) (internal quotation and citation omitted). "Unless the standards set out in Rule 8(b) are met, a motion for severance should be granted even absent a showing of prejudice. United States v. Feyrer, 333 F.3d 110, 1143 (2d Cir. 2002).

   **Discussion**

Counts three and four of the indictment that include this defendant are not part of the "same series of acts or transactions" as counts one, two, five, and six. Counts one and two charge co-Defendants JUSTIN DOYLE, LAWRENCE BARISCIANO, DEBORAH BERARDI, JOSEPH FUMANDO, ROBERT GEOGHEGAN, GERALD PARSONS, and JAY PARISI. Counts five and six charge co-Defendants JUSTIN DOYLE and JOSEPH GEORGE MONTELEONE. Neither Defendant Spinelli nor any of his co-Defendants in counts three and four are listed as co-Defendants in counts one, two, five, and six. Thus, this Defendant's charges (counts three and four) were improperly joined in the indictment with counts one, two, five and six that charge co-defendants who allegedly operated illegal gambling businesses at two different locations (Victory Boulevard and Hylan Boulevard) than the Arthur Kill location that Defendant is alleged to have operated from. Also, this Defendant's charges were improperly joined with the four other counts that contained co-

7

Defendants who are not alleged to have worked with this Defendant in the operation of the business that he was alleged to have participated in at the Arthur Kill location.

Rule 8(b) clearly states that participation of multiple defendants in the same act or transaction, or the same series of such acts, will authorize a joint trial on common or individual counts. The evidence regarding the acts alleged in counts three and four that include this Defendant is not unified with the remaining counts by a substantial identity of facts or participants in that two different locations involving two totally different sets of individuals are the substance of these remaining counts.  For the above stated reasons, the Government has failed to establish that the counts that charge this Defendant and the counts that omit this Defendant are "the same act or transaction or in the same series of acts or transactions."  Therefore, the joinder of this Defendant and the co-defendants of Group #2 is in violation of Rule 8(b) and this defendant's trial should be separate.

## MOTION FOR A SEPARATE TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14 BECAUSE OF PREJUDICIAL JOINDER

**Part (i) Applicable Law**

Even where defendants are properly joined under Federal Rule of Criminal Procedure 8, Rule 14 "provides that a district court may nonetheless grant a severance ... 'if it appears that a defendant or the government is prejudiced by a joinder.'" United States v. Feyrer, 333 F.3d at 114 (quoting Fed. R. Crim. P. 14).  The decision whether to grant severance pursuant to Rule 14 is a matter of the district court's discretion. United States v. Borelli, 435 F.2d 500, 502 (2d Cir. 1970).  In order to prevail under Rule 14, a defendant must demonstrate substantial prejudice, not just that severance provides defendant with a better chance of acquittal. Id.  A defendant bears the burden of establishing this substantial prejudice.  United States v. Muyet, 945 F.Supp. 586, 596 (S.D.N.Y. 1996) (Leisure, J.).  The Supreme Court has

recognized that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993).

However, despite this preference, the Supreme Court in Zafiro stated, "when defendants properly have been joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.  Clarifying a type of risk where a Rule 14 severance should be granted the Court further stated, "[s]uch a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." Id. The Court recognized that, "evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." Id.

Courts have recognized that joint trials also pose a risk of "spillover prejudice." "Such prejudice occurs 'when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper.'" United States v. Williams, 181 F.Supp.2d 267, 301-302 (S.D.N.Y 2001) (Buchwald,J.) (quoting United States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998)).  Based on this standard, the district court must make a preliminary determination as to whether the evidence the Government is going to introduce against co-defendants will also be admissible against the defendant moving for severance. Id. at 302.  In examining the Government's argument in the Williams case that proof of murder and attempted murder would be admissible against the defendant moving for severance as acts in furtherance of a charged conspiracy, the Court stated: "[e]ven assuming, *arguendo*, that the Government is correct in this assertion, while proof of the violent acts themselves may be admissible, evidence of the details of those acts,

such as grisly photos of the crime scene or the victims, would likely not be admissible to prove the narcotics conspiracy." Id. (citing Fed R. Evid. 403).

**Part (i) Discussion**

Even if the Court concludes that counts three and four that charge this Defendant were properly joined to the other counts that only other co-defendants this Defendant, Defendant's motion for severance should be granted pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The nature and volume of the evidence that will be introduced at a joint trial would prejudice the jury against the defendant and fundamental fairness requires severance.

There exists a very real danger that defendant will be subject to spillover prejudice as described in the Williams case. As set forth above in the factual portion of this memorandum, Defendant is alleged to have conspired with four specific co-Defendants (James Bergen, Michael Bergen, Ralph Mastrantonio, and Richard Palase) to run an illegal gambling business at a specific location, the Arthur Kill location. On the other hand, the four remaining counts of the indictment do not mention Defendant or the co-Defendants from his counts at all, and the four remaining counts are alleged to have occurred at two locations (Victory Boulevard and Hylan Boulevard) separate and apart from the Arthur Kill location.

In United States v. Williams, 181 F.Supp.2d 267, 301-302 (S.D.N.Y 2001) (Buchwald, J.), the court explained the dangers of spillover prejudice that is helpful in the analysis of the instant matter. In assessing spillover prejudice, the Court must make a preliminary evaluation of whether or not the evidence would be admissible against the defendant moving for severance. Id. at 302. In determining that there was a danger of spillover prejudice in Williams, Judge Buchwald acknowledged that some evidence of the murders and attempted murders not charged against defendant could be admissible as acts in furtherance of a charged conspiracy. However, Judge Buchwald drew a distinction between

the nature of the evidence that would be introduced in a joint trial and that which could be introduced at a trial of the moving defendant. Id.  Said evidence would most likely not be admitted.

In the instant matter, the evidence that would be used against co-Defendant Group #2 is going to be different from the evidence presented against Defendant and co-Defendant Group #1.  After all, the discovery does not suggest that Defendant or his co-Defendants in Group #1 at the Arthur Kill location had any connection to the alleged illegal gambling businesses at Victory Boulevard and Hylan Boulevard.  The jury will therefore be confused as they hear about crimes and evidence about co-defendant Group #2 at two locations unrelated to the Arthur Kill location that Defendant is alleged to have worked out of.  Such will improperly allow the jury to make the unfair inference that this is one large gambling enterprise.  The volume of the evidence against co-defendant Group #2 for which defendant is not charged could influence the jury to convict him based merely on his presence with the co-defendants at a joint trial.

This defendant will suffer unfair prejudice in that a jury at a joint trial will hear voluminous and detailed highly inflammatory evidence of crimes causing spillover prejudice which would not be heard by a jury at this Defendant's individual trial. A jury cannot reasonably be expected to compartmentalize this unfairly prejudicial evidence and not consider the same against this defendant.

## CONCLUSION

For the above stated reasons, a joint trial with the co-Defendants in Counts one, two, five and six of the indictment would substantially prejudice this Defendant's right to receive a fair trial.  Therefore, Defendant respectfully moves that this Court order that he receive a separate trial and for any other relief the Court deems just and proper.

Dated: May 29, 2012
      Brooklyn, New York

                      Respectfully submitted,


                      _/s/_____
                      JOHN J. ORLANDO, PC.
                      Attorney at Law
                      Attorney for Defendant
                      8118 13th Avenue
                      Brooklyn, New York 11228
                      (718) 238-0020